UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DORIAN FRANCIS                                             CIVIL ACTION

VERSUS                                                     NO. 07-1991

UNITED STATES OF AMERICA, ET AL.                           SECTION:  "B"(3)

## REPORT AND RECOMMENDATION

Plaintiff, Dorian Francis, a federal prisoner, filed this *pro se* complaint, pursuant to 42 U.S.C.

§ 1983, against the United States of America, the Orleans Parish Prison, and "Chief Rudy."  Plaintiff

complains that he was not evacuated from the Orleans Parish Prison system prior to the landfall of

Hurricane Katrina and, as a result, was forced to endure terrible conditions in the hurricane's

aftermath.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any

event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. §

1915A(a).  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any
> portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief
> > may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[1]

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of a complaint. <u>Cay v. Estelle</u>, 789 F.2d 318, 325 (5th Cir. 1986), <u>modified</u> <u>on</u> <u>other</u> <u>grounds</u>, <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>Macias v. Raul A. (Unknown), Badge No. 153</u>, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." <u>Reeves v. Collins</u>, 27 F.3d 174, 176 (5th Cir. 1994); <u>Booker</u>, 2 F.3d at 115 & n.6.

---

[1] Section 1915A provides:

> As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

28 U.S.C. § 1915A(c).

Broadly reading plaintiff's complaint,[2] the Court finds that his claims should be dismissed as frivolous.[3]

As noted, plaintiff complains that he was not evacuated from the Orleans Parish Prison system prior to the landfall of Hurricane Katrina and, as a result, was forced to endure terrible conditions until he arrived at a federal detention center in Houston, Texas, on September 6, 2005.

In this federal civil rights action, plaintiff has sued the United States of America. However, the United States Fifth Circuit Court of Appeals has noted: "This Court has long recognized that suits against the United States brought under the civil rights statutes are barred by sovereign immunity." Affiliated Professional Home Health Care Agency v. Shalala, 164 F.3d 282, 276 (5th Cir. 1999); see also Scott v. United States Veteran's Administration, 749 F. Supp. 133 , 134 (W.D. La. 1990) (the federal government and its agencies are not "persons" subject to suit under 42 U.S.C. § 1983 and are facially exempt from that statute's provisions), aff'd, 929 F.2d 146 (5th Cir. 1991).[4]

The "Orleans Parish Prison" is also an improper defendant. A jail is merely a building, not a "person" subject to suit under 42 U.S.C. § 1983. See, e.g., Cullen v. DuPage County, No. 99-C-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); Whitley v. Westchester County

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[3] It unnecessary to hold a Spears hearing or to allow plaintiff an opportunity to amend his complaint because he has alleged his best case and the underlying defect in this case cannot be cured by an amendment. See Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999); see also Juarez v. Short, 84 Fed. App'x 420, 424 (5th Cir. 2003). Any amendment would be futile because plaintiff simply is not entitled to relief for the reasons set forth in this opinion.

[4] Moreover, because plaintiff's claims are based on federal constitutional law, plaintiff may not bring those claims under the Federal Tort Claims Act. McAfee v. 5th Circuit Judges, 884 F.2d 221, 223 (5th Cir. 1989) ("A constitutional claim does not arise under the [Federal Tort Claims] Act and is barred by sovereign immunity."); see also Sampson v. United States, 73 Fed. App'x 48, 49 (5th Cir. 2003).

<u>Correctional Facility Administration</u>, No. 99-CIV-0420(SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997); <u>Powell v. Cook County Jail</u>, 814 F. Supp. 757, 758 (N.D. Ill. 1993); <u>Brooks v. Pembroke City Jail</u>, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989); <u>Mitchell v. Chester County Farms Prison</u>, 426 F. Supp. 271, 274 (E.D. Pa. 1976).

Further, in any event, plaintiff's claims, including the claim against "Chief Rudy," are prescribed. "[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period. In Louisiana, that period is one year." <u>Jacobsen v. Osborne</u>, 133 F.3d 315, 319 (5th Cir. 1998) (citation omitted); <u>see also</u> <u>Clifford v. Gibbs</u>, 298 F.3d 328, 332 (5th Cir. 2002); La. Civ. Code Ann. art. 3492.[5] Plaintiff is complaining about events that occurred in 2005. Accordingly, his claims prescribed long before he filed the instant lawsuit on or about April 11, 2007.[6] A complaint asserting prescribed claims is properly dismissed as frivolous. <u>See, e.g.</u>, <u>Brown v. Pool</u>, 79 Fed. App'x 15, 17 (5th Cir. 2003).

<u>**RECOMMENDATION**</u>

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal

---

[5] <u>Bivens</u> actions are also controlled by the applicable state statute of limitations. <u>Brown v. Nationsbank Corp.</u>, 188 F.3d 579, 590 (5th Cir. 1999); <u>Laspopoulas v. F.B.I.</u>, 884 F. Supp. 214, 216 (E.D. La. 1995).

[6] A *pro se* filing is considered to have been "filed" when the inmate presented it to prison officials for mailing. <u>See</u> <u>Cooper v. Brookshire</u>, 70 F.3d 377, 379-80 (5th Cir. 1995). This Court will consider plaintiff's complaint to have been filed on the date it was signed, April 11, 2007, because that is the earliest date the complaint could have been given to prison officials.

the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure

to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-sixth day of April, 2007.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**