UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DORIAN FRANCIS

VERSUS

UNITED STATES OF AMERICA, ET AL.

CIVIL ACTION

NO. 07-1991

SECTION B(3)

## ORDER AND REASONS

For the following reasons,

**IT IS ORDERED** that the instant § 1983 complaint is **DISMISSED**.

### BACKGROUND

On or about April 11, 2007, Petitioner Dorian Francis filed this pro se pauper complaint for monetary relief pursuant to 42 U.S.C. § 1983 asserting claims against the United States of America, the Orleans Parish Prison System, and "Chief Rudy" for alleged violations of the Eighth Amendment right to be free from cruel and unusual punishment. (Rec. Doc. No. 1). Petitioner specifically alleges that he was not evacuated from the Orleans Parish Prison before Hurricane Katrina's landfall and, as a result, endured horrific conditions during the hurricane's aftermath.

The Magistrate Judge issued a report and recommendation ("report") to dismiss Petitioner's complaint with prejudice as frivolous. (Rec. Doc. No. 4). Petitioner filed an objection to said report alleging an erroneous application of law and urges the Court to reconsider his claim. (Rec. Doc. No. 5).

Petitioner contends that he was subjected to the following conditions because of the defendants' failure to act: 1) No food or water from August 29, 2005 to September 1, 2005; 2) Exposure to waist high water from August 29, 2005 to August 31, 2005; and 3) Unsupervised interaction with state prisoners and prisoners with life sentences. (Rec. Doc. No. 1).

The Magistrate Judge supported his conclusion with the following points of law: 1) Petitioner filed suit against two defendants (i.e. the United States of America and the Orleans Parish Prison system) who are immune from suit under section 1983. *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 276 (5th Cir. 1999); 2) Petitioner's claims are barred by the applicable statute of limitation. Under Louisiana law, the applicable statute of limitation is one year. Accordingly, Petitioner's claims have prescribed. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 202). (Rec. Doc. No. 4).

In objecting, Petitioner claims that:

1. The Magistrate Judge erroneously applied Louisiana's one-year statute of limitations. Petitioner contends that Texas' two-year statute of limitation is the applicable statute because he is a federal prisoner now incarcerated in a Texas penitentiary.

2. The Magistrate Judge incorrectly construed his claim as a personal injury suit instead of a civil rights claim.

2

3.  The Magistrate Judge erroneously concluded that the United state of America and the Orleans Parish Prison System are immune from suit under section 1983.

(Rec. Doc. No. 5)

### FACTUAL AND LEGAL FINDINGS

Under 28 U.S.C. section 1915(d), federal courts have the discretionary authority to dismiss claims that are "frivolous or malicious" in nature. 28 U.S.C. section 1915(d); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994). Section 1915(d) also gives federal courts the authority to dismiss claims that are barred by the applicable statute of limitations. Section 1915(d); *Moore*, 30 F.3d at 620 (5th Cir. 1994). Accordingly, courts have the discretion to dismiss section 1983 claims as frivolous if they are filed "beyond the applicable statute of limitations." *Brown v. Pool*, 79 Fed. Appx. 15, 17 (5th Cir. 2003); *Gonzales v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998).

Given that section 1983 does not set forth a limitation period, the United States Supreme Court has held that the forum state's statute of limitation determines the appropriate limitation period for section 1983 claims.[1] *Hardin v. Straub*, 490 U.S. 536, 538 (1989); *Moore*, 30 F.3d 616 at 620. The Supreme Court has also held that "section 1983 claims are best characterized as personal

---

[1] State limitation periods are applied to section *1983* actions "as long as the result is not inconsistent with federal law or policy." *Hardin v. Straub*, 490 U.S. 536, 542 (1989).

3

injury actions."[2] *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). Thus when determining whether a section 1983 has run, Louisiana courts look to the state's personal injury statute. *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989). Under the statute, a claimant has one year from the date that an action accrues to file a claim. La.Civ.Code. Ann. art. 3492; *Elzy*, 868 F.2d at 794. Thus, Petitioner had one year to timely file a complaint.

Although courts look to the forum state's personal injury statute to determine the applicable statute of limitation for a section 1983 claim, state law does not govern when the action accrues. *Gartrell v. Baylor*, 981 F.2d 254, 257 (5th Cir. 1993). "Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id*. In the instant case, Petitioner's action is based upon events that occurred in 2005 in Louisiana, not Texas. (Rec. Doc. No. 4). Thus, under Louisiana's personal injury statute, the petitioner's claims prescribed in 2006. Accordingly, his claims "prescribed long before he filed the instant lawsuit on or about April 11, 2007". (Rec. Doc. No. 4).

Even assuming that the statute of limitation has not run on Petitioner's claims, he is not entitled to relief from the United States or the Prison. "Suits against the United States [and its

---

[2]   In *Wilson v. Garcia*, the Supreme Court concluded that "in the broad sense, every cause of action under section 1983 which is well-founded results from 'personal injuries.'" *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)(quoting *Almond v. Kent*, 459 F.2d 200, 204 (1972)).

4

agencies] brought under the civil rights statutes are barred by sovereign immunity.[3] *Affiliated Prof'l*, 164 F.3d at 276; *Scott v. United States Veteran's Admin.*, 749 F. Supp. 133, 134 (W.D. La 1990). Thus, section 1983 only applies to civil suits filed against **persons** (emphasis added) who violate someone's constitutional rights. Section 1983; *Scott*, 749 F. Supp. at 134; *Powell v. Cook County Jail*, 814 F. Supp. 757 (N.D. Ill. 1993). Accordingly, the United States of America and the Orleans Parish Prison system[4] are improper defendants under the civil rights statute.[5] Therefore, the Court finds that Petitioner's claims are frivolous.

Further, Petitioner fails to show a violation of Eighth Amendment rights. The Eighth Amendment protects prisoners from cruel and unusual punishment. U.S. Const. Amend. VIII ; *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). However, only the "'unnecessary and wanton[6] infliction of pain'" implicates the Eighth Amendment. *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Thus, in order to obtain relief for violation of an Eighth Amendment right, Petitioner must prove that Defendants were deliberately indifferent to his needs. *Wilson*, 501 U.S. at 304. Under the circumstances

---

[3] *Zernial v. United States*, 714 F.2d 431 (5th Cir. 1983) (quoting Broadway v. Block, 694 F.2d 979, 981 (5th Cir. 1982)).
[4] The Orleans Parish Prison is a building, not a person. *Scott v. United States Veteran's Admin.*, 749 F. Supp. at 134; (Rec. Doc. No. 4).
[5] "Claims against which it is clear that the defendants are immune from suit" are properly dismissed as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).
[6] Whether conduct "can be characterized as "wanton" depends upon the constraints facing the *official.*" *Wilson*, 501 U.S. at 297.

here, there is no showing of deliberate indifference. Petitioner, his jailers, and many free residents of the Greater New Orleans area suffered substantially similar conditions in the aftermath of Hurricane Katrina.

Accordingly, Petitioner's claims are **DISMISSED with prejudice** as frivolous, because he failed to file suit in a timely manner and attempted to sue at least two non-suable entities. Petitioner's objections are thereby overruled and the Magistrate Judge's report is adopted as the opinion of the Court.

New Orleans, Louisiana this 8th day of August, 2007.

UNITED STATES DISTRICT JUDGE